UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

NIKKI WALLACE A.K.A. CORY WALLACE, )
                                   )
                    Plaintiff,     )
                                   )
            v.                     )    No. 1:26-cv-00017-JPH-MJD
                                   )
BARKER Officer, in his individual and )
official capacities, et al.,       )
                                   )
                    Defendants.    )

**ORDER SCREENING COMPLAINT AND
DIRECTING FURTHER PROCEEDINGS**

Plaintiff Nikki Wallace is a prisoner currently incarcerated at New Castle

Correctional Facility. She filed this civil action alleging that the defendants

violated her rights due to her identification as a transgender woman. Because

the plaintiff is a "prisoner," this Court has an obligation to screen the

complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief

against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To

determine whether the complaint states a claim, the Court applies the same

standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).

Under that standard, a complaint must include "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

1

570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Ms. Wallace sues Officer Barker, Sgt. Thompson, and the Geo Group, Inc. Dkt. 1 at 1. She seeks monetary damages only. *Id.* at 5. She alleges that she is a transgender woman and that Officer Barker has retaliated against her both for filing a lawsuit in this Court and because of her trans status by attempting to get her fired from her prison job. *Id.* at 2. Officer Barker would also call her a "f****t" and a "tranny." *Id.* One day, after Ms. Wallace started her shift, Officer Barker searched her cell and found contraband. *Id.* at 4. Officer Barker later stated that she would be subjected to disciplinary measures if she did not quit her job. *Id.* Ms. Wallace then quit her job. *Id.* Sgt. Thompson was aware of these actions and told Ms. Wallace he did not believe his actions were justified, but he took no action. *Id.*

On September 17, 2025, Officer Barker attempted to assault Ms. Wallace. *Id.* Two days later, Officer Barker attempted to come into the dorm while Ms. Wallace was showering, and her cellmate stopped him. *Id.*

2

### III. Discussion of Claims

#### A. Claims that Shall Proceed

Construing Plaintiff's pro se complaint liberally, she has adequately alleged that Officer Barker engaged in a pattern of harassment due to Ms. Wallace's status as a transgender person. "[T]he Eighth Amendment . . . protects psychologically vulnerable inmates against psychological pain deliberately inflicted by correctional officers." *Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019). Prison staff cannot exploit "a known vulnerability to create a danger or harm that cannot have any legitimate penological purpose." *Id.* This claim **shall proceed** against Deputy Barker as an Eighth Amendment claim.

Further, applying the screening standard to the factual allegations in the complaint, a First Amendment retaliation claim **shall proceed** against Sgt. Barker and Fourteenth Amendment equal protection claims **shall proceed** against Officer Barker and Sgt. Thompson. *See Tay v. Dennison*, 457 F. Supp. 3d 657, 682-83 (S.D. Ill. May 1, 2020) (concluding transgender inmate had a likelihood of success on the merits of her equal protection claim where there was a pattern of inmates and correctional officers calling her derogatory names, misgendering her, and threatening to sexually assault her (citing *Trautvetter v. Quick*, 916 F.2d 1140, 1149 (7th Cir. 1990)).

### B. Claims that are Dismissed

#### 1. Geo Group, Inc.

Private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean,* 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019).

Under this standard, the claims against Geo Group must be **dismissed.**[1] The complaint does not identify a Geo Group policy, practice, or custom (or lack thereof) that caused the alleged assault or otherwise led to the violation of Ms. Wallace's rights. *See McCauley v. City of Chicago*, 671 F.3d 611, 616–18 (7th Cir. 2011) (finding *Monell* claim properly dismissed at screening). As explained above, the complaint adequately alleges that individual defendants violated Ms. Wallace's rights, but Geo Group cannot be held vicariously liable

---

[1] Ms. Wallace also names Officer Barker—identified as a Geo Group employee—in his official capacity.  Dkt. 1 at 1–2.  Because "[o]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent," *Kentucky v. Graham*, 473 U.S. 159 165 (1985), this claim is considered a claim against Geo Group and fails for the same reasons discussed above.

for constitutional violations committed by its employees. *See Monell*, 436 U.S. at 691–94.

### 2. Title VII of the Civil Rights Act of 1964

Finally, in her complaint, Ms. Wallace invokes Title VII of the Civil Rights Act of 1964, alleging that the defendants denied her employment solely because of her transgender status. Dkt. 1 at 2.

"Title VII makes it unlawful to discriminate in 'terms, conditions, or privileges of employment' against an individual because of [her] 'race, color, religion, sex, or national origin.'" *West v. Radtke*, 48 F.4th 836, 848 (7th Cir. 2022) (quoting 42 U.S.C. § 2000e-2(a)(1)). In *Bostock v. Clayton County*, 590 U.S. 644, 660 (2020), the Supreme Court "held that transgender-status discrimination amounts to sex-based discrimination for Title VII purposes." *West*, 48 F.4th at 849. To bring a claim under Title VII, the plaintiff "must show that [she] belongs to a protected class and that he has suffered an adverse employment action due to [her] membership in that class." *West*, 48 F.4th at 848.

Ms. Wallace's claim under Title VII is dismissed for failure to state a claim. First, Title VII prohibits employment discrimination by "employers." *See* 42 U.S.C. §§ 2000e(b). Title VII does not provide for individual liability; instead, only the plaintiff's actual employer (or prospective employer) can be sued. *See Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998) (concluding that "while Title VII's definition of 'employer' does include the term 'agent,' Congress intended only for employers to be liable for their agent's actions

under the traditional *respondeat superior* doctrine, not for agents to be personally liable."). Officer Barker cannot be sued because he was not Ms. Wallace's employer within the meaning of the statute.

Additionally, it is not clear that Ms. Wallace is an employee within the statute. The Seventh Circuit has not yet determined whether Title VII applies to prisoners with jobs, but courts who have addressed the issue have determined that it does not. *See  Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991) (inmate was not "employee" under Title VII because his relationship with defendants arose from his status as inmate, not as employee); *Wilkerson v. Samuels*, 524 F. App'x 776, 779 (3d Cir. 2013) (same); *Iheme v. Smith*, 529 F. App'x 808, 809 (8th Cir. 2013) (same); *Cf. Vanskike v. Peters*, 974 F.2d 806, 808 (7th Cir. 1992) (holding prisoners are not employees entitled to protection under the Fair Labor Standards Act).

Finally, even if Ms. Wallace was an employee protected by Title VII, she had not pleaded that she has received a "right-to sue-letter from the U.S. Equal Employment Opportunity Commission (EEOC), which is a prerequisite to a lawsuit under Title VII[.]" *Anderson v. United Airlines, Inc.*, 140 F.4th 385, 389 (7th Cir. 2025).

Accordingly, Ms. Wallace's claims under Title VII of the Civil Rights Act of 1964 are **dismissed for failure to state a claim upon which relief can be granted.**

### 3. Fifth Amendment

Ms. Wallace also seeks relief under the Fifth Amendment. *See e.g.* dkt. 1 at 2. The Fifth Amendment is not implicated by the plaintiff's allegations, because the defendants are state actors, not federal actors. *Jackson v. Byrne,* 738 F.2d 1443 (7th Cir. 1984). Rather, Ms. Wallace's right to equal protection is rooted in the Fourteenth Amendment.

### IV. Conclusion and Service of Process

This action **shall proceed** with an Eighth Amendment claim and First Amendment retaliation claim against Officer Barker, and equal protection claims under the Fourteenth Amendment against Officer Barker and Sgt. Thompson. All other claims are dismissed. This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, she shall have **through August 10, 2026,** in which to identify those claims.

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to the defendant in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], exhibits, dkt. [1-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is further directed** to terminate Defendant Geo Group, Inc., from the docket.

Nothing in this Order prohibits the filing of a proper motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**SO ORDERED.**

Date: 7/10/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NIKKI WALLACE A.K.A. CORY WALLACE
264573
NEW CASTLE – CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Officer Barker
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Sgt. Thompson
NEW CASTLE CORRECTIONAL FACILITY
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362